1

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT

8          WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| 9   PUGET SOUND ELECTRICAL WORKERS<br>10   HEALTHCARE TRUST; PUGET SOUND<br>ELECTRICAL WORKERS PENSION TRUST;<br>11   PUGET SOUND ELECTRICAL WORKERS<br>401(K) SAVINGS PLAN TRUST; PUGET<br>12   SOUND ELECTRICAL JOINT APPRENTICESHIP<br>AND TRAINING TRUST; and NATIONAL<br>13   ELECTRICAL BENEFIT FUND,<br><br>14                Plaintiffs,<br>15     v.<br><br>16   SENTRY STORAGE PARTNERS II, LLC d/b/a<br>BOBCAT CONSTRUCTION,<br>17<br>             Defendant. | Cause No. 16-cv-1504<br><br>COMPLAINT TO COMPEL AUDIT AND<br>FOR MONETARY DAMAGES |

18                             **I. PARTIES**

19        1.1      Plaintiff Puget Sound Electrical Workers Healthcare Trust (the "Healthcare

20 Trust") is a Taft-Hartley trust fund created for the purpose of providing eligible

21 employees, dependents, and beneficiaries with healthcare, vacation, and related

22 benefits. It maintains its principal office in Seattle, King County, Washington.

23        1.2      Plaintiff Puget Sound Electrical Workers Pension Trust (the "Pension Trust")

24 is a Taft-Hartley trust fund created for the purpose of providing benefits for the support

25 of eligible employees after retirement and/or their beneficiaries pursuant to a pension

26

COMPLAINT TO COMPEL AUDIT AND FOR MONETARY DAMAGES – 1
16-cv-1504

EKMAN CUSHING MAXWELL, P.S.<br>ATTORNEYS AT LAW<br>220 W MERCER STREET, SUITE 400<br>SEATTLE, WASHINGTON 98119-3966<br>(206) 282-8221

1  plan.   It maintains its principal and administration offices in Seattle, King County,

2  Washington.

3       1.3   Plaintiff Puget Sound Electrical Workers 401(k) Savings Plan Trust (the

4  "401(k) Trust") is a Taft-Hartley trust fund created for the purpose of providing annuity

5  benefits for eligible employees after retirement and/or their beneficiaries pursuant to an

6  annuity pension plan.   It maintains its principal and administration offices in Seattle,

7  King County, Washington.   It was formerly known as the Local 46 Retirement Annuity

8  Trust.

9       1.4   Plaintiff Puget Sound Electrical Joint Apprenticeship & Training Trust (the

10  "Apprenticeship & Training Trust") is a Taft-Hartley trust fund created for the purpose of

11  providing education benefits to eligible employees.   It maintains its principal and

12  administrative offices in Seattle, King County, Washington.

13       1.5   The Plaintiffs are commonly known as the Puget Sound Electrical Workers

14  Trust Funds (the "Trust Funds").

15       1.6   Plaintiff National Electrical Benefit Fund (the "NEBF") is a Taft-Hartley trust

16  fund established for the purpose of providing eligible members and retirees with

17  pension benefits. The NEBF maintains its principal office in the District of Columbia and

18  its administrative office in Rockville, Montgomery County, Maryland.

19       1.7   Defendant Sentry Storage Partners II, LLC is a Washington limited liability

20  company with its principal place of business in Auburn, King County, Washington.   It

21  conducts business as Bobcat Construction.

22       **II.   JURISDICTION AND VENUE**

23       2.1   This Court has exclusive jurisdiction pursuant to §502(e)(1) of the

24  Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C.

25  §1132(e)(1).

26

COMPLAINT TO COMPEL AUDIT AND FOR MONETARY DAMAGES – 2
16-cv-1504

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

### III.  FACTS

3.1     On or about July 15, 2014, Chris Kealy, identifying himself as the Principal of Bobcat Constructoin, executed the Inside Construction Letter of Assent with the Puget Sound Chapter, NECA ("NECA") and the IBEW Local 46 Union (the "Union").  The Inside Construction Letter of Asset provides in part:

> In signing this letter of assent, the undersigned firm does hereby authorize Puget Sound Chapter NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved Inside Construction labor agreement between the Puget Sound Chapter NECA and Local Union 46, IBEW.  In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements.  This authorization, in compliance with the current approved labor agreement, shall become effective on the 15th day of July, 2014.  It shall remain in effect until terminated by the undersigned employer giving written notice to the Puget Sound Chapter NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

3.2     Signing the Inside Wire Letter of Assent made Bobcat Construction party to the *Labor Agreement between Local Union No. 46 International Brotherhood of Electrical Workers and Puget Sound Chapter National Electrical Contractors Association* (the "Labor Agreement"), the current version of which – now known as the Inside Construction labor agreement – is effective June 1, 2012 through May 31, 2015.

3.3     Under the terms of the Labor Agreement, Bobcat Construction agreed to pay fringe benefits to the Trust Funds monthly, for each hour of covered work performed by the company.  The amounts Bobcat Construction agreed to pay the Trust Funds are set forth in the current version of the Labor Agreement at Article II, Section

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

1   2.08; Article III, Section 3.08; and Article IV, Sections 4.01 – 4.07, and Article VI, Sections

2   6.03, 6.05. The Trust Funds are beneficiaries under the terms of the Labor Agreement.

3   3.4   Pursuant to the terms of the Labor Agreement, Bobcat Construction

4   agreed to pay all fringe benefit contributions to the Trust Funds' designated

5   administration office in Seattle, King County, Washington.   The Trust Funds'

6   administration office collects all fringe benefit contributions and other amounts

7   specified in the two labor agreements.

8   3.5   Bobcat Construction was required to provide its monthly reports and

9   contributions payments to the plaintiff Trust Funds' administration office no later than

10  the 15th of each month following the month in which the hours were worked.  Bobcat

11  Construction also agreed to pay the plaintiff Trust Funds liquidated damages, interest,

12  attorney fees, and costs of collection for any delinquency.

13  3.6   As a signatory to the Labor Agreement, Bobcat Construction agreed to the

14  terms of the (i) Puget Sound Electrical Workers Healthcare Trust; (ii) Puget Sound

15  Electrical Workers Pension Trust Fund; (iii) Puget Sound Electrical Workers 401(k) Savings

16  Plan Trust; (iv) Puget Sound Electrical Workers Joint Apprenticeship and Training Trust;

17  and (v) National Electrical Benefit Fund.

18  3.7   Bobcat Construction's obligations to the Healthcare Trust are set forth in

19  Article IX, §§1 – 9 and Amendment No. 5 to Article IX, Section 5 of the *Trust Agreement*

20  *Governing a Joint Labor-Management Employee Welfare Benefit Trust Fund*, dated

21  February 23, 1954, and as amended.  Under the Healthcare Trust, Bobcat Construction

22  agreed to, among other things:

23          ▪   Submit its reports on or before the due date specified in the

24              collective bargain agreement or as set by the trustees, even if the
                company had no employees for that period of time;

25

26

COMPLAINT TO COMPEL AUDIT AND FOR MONETARY DAMAGES – 4
16-cv-1504

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund.

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.8    Bobcat Construction's obligations to the Pension Trust are set forth in Article IV of the *Puget Sound Electrical Workers Pension Trust, Trust Agreement*, amended and restated effective January 1, 2004.  Under the Pension Trust, Bobcat Construction agreed to among other things:

- Submit its reports on or before the due date specified in the collective bargaining agreement even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.9    Bobcat Construction's obligations to the Retirement Annuity Trust are set forth in Article IV of the *Puget Sound Electrical Workers 401(k) Savings Plan Trust*, dated September 1, 2016.  Under the 401(k) Trust, Bobcat Construction agreed to, among other things:

COMPLAINT TO COMPEL AUDIT AND FOR MONETARY DAMAGES – 5
16-cv-1504

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

- Submit its reports and payments on or before the 15th day of the calendar month following the month in which the hours were worked;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten (10) percent on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies of twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.10    Bobcat Construction's obligations to the Apprenticeship & Training Trust are set forth in Section 20 of the *Puget Sound Electrical Joint Apprenticeship and Training Trust Fund Agreement*, dated November 6, 2000.  Under the Apprenticeship & Training Trust, Bobcat Construction agreed to, among other things:

- Submit its reports on or before the due date specified in the collective bargaining agreement or as set by the trustees, even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten (10) percent on all delinquent contributions or twenty-five dollars ($25.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve (12) percent per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.11    Bobcat Construction's obligations to the National Electrical Benefit Fund are set forth in Article 6, Sections 6.1 – 6.13 of the *Restated Employees Benefit Agreement*

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

*and Trust for the National Electrical Benefit Fund*, dated December 2, 1992, and as amended. Under the NEBF, Bobcat Construction agreed to among other things:

- Submit its reports and contributions payment on or before the fifteenth (15th) of each calendar month to the NEBF's designated local collection agent an amount equal to three (3) percent of the gross labor payroll for the preceding calendar month, or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request for produce and to audit the payroll records and other documents as requested by the trust fund;

- Payment of liquidated damages of twenty (20) percent on all delinquent contributions, with accrued interest on all delinquencies at ten (10) percent per annum;

- Payment of the trust fund's attorney fees and costs of collection; and

- Posting of a surety bond, personal guaranty, or irrevocable letter of credit upon demand by the trust fund.

3.12    Each of the trust agreements contain clauses which require signatory employers such as Bobcat Construction to submit to an audit by the Trust Funds of the company's payroll and related business records.

3.13    Following execution of the collective bargaining agreements, Bobcat Construction hired union workers subject to the scope of the agreements and began the monthly reporting and payment of contributions to the plaintiff Trust Funds.

3.14    Bobcat Construction has not terminated the Labor Agreement.

3.15    In May 2016, The Trust Funds attempted to conduct an audit of Bobcat Construction's payroll and related business records, for the period September 1, 2014 through March 31, 2015. The company did not fully respond to the auditor's requests for documentation, and the matter was referred to collections counsel.

COMPLAINT TO COMPEL AUDIT AND FOR MONETARY DAMAGES – 7
16-cv-1504

1   3.16   On August 9, 2016, the Trust Funds made written demand upon Bobcat

2   Construction for the production of all relevant payroll and related business records in

3   order to allow the Trust Funds to complete the audit of the company.   Bobcat

4   Construction did not respond.

5   3.17   On August 26, 2016, the Trust Funds again made written demand upon

6   Bobcat Construction for production of all relevant payroll and related business records.

7   Bobcat Construction has not responded to counsel's second demand letter.

8                               IV.  <u>CAUSES OF ACTION</u>

9                               **First Cause of Action**
10                        **(Breach of Labor Agreement/Trust Agreement)**

11   4.1   The Trust Funds reallege each and every allegation contained in ¶¶3.1 –
12   3.17, above.

13   4.2   Bobcat Construction's actions and inaction constitute a breach of the

14   terms of the labor and trust agreements between the Union and Bobcat Construction, to

15   which the Trust Funds are beneficiaries and/or parties.

16   4.3   As a result of Bobcat Construction's breaches, the Trust Funds have been
17   damaged in an amount to be proven at trial.

18                               **Second Cause of Action**
                                **(Violation of ERISA)**
19

20   4.4   The Trust Funds reallege each and every allegation contained in ¶¶3.1 –
21   3.17, above.

22   4.5   Bobcat Construction's actions and inaction constitutes a violation of §515

23   ERISA, codified at 29 U.S.C. §1145, and also gives rise to claims for equitable relief under

24   §502(a)(3) ERISA, codified at 29 U.S.C. §1132(a)(3).

25   4.6   As a result of Bobcat Construction's actions and inaction, the Trust Funds
26   have been damaged in an amount to be proven at trial.

COMPLAINT TO COMPEL AUDIT AND FOR MONETARY DAMAGES – 8
16-cv-1504

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

1

**V.  REQUESTED RELIEF**

2

The Plaintiff Trust Funds respectfully request the Court grant the following:

3

A.      Entry of an order compelling defendant Bobcat Construction to provide
4         access to its records within ten (10) days for the period September 1, 2014
5         – March 31, 2015, so that the audit may be completed;

6

B.      Judgment in favor of the Trust Funds, in an unknown amount to be
determined at trial, representing past-due and delinquent fringe benefit
7         and other contributions, as may be found as owed by defendant in the
8         subsequent audit report, and pursuant to the terms of the labor and trust
agreements to which Bobcat Construction is a party;

9

C.      Judgment in favor of the Trust Funds, in an unknown amount to be
10        determined at trial, representing liquidated damage , as may be found as
11        owed by defendant in the subsequent audit report, and pursuant to the
terms of the labor and trust agreements to which Bobcat Construction is a
12        party;

13

D.      Judgment in favor of the Trust Funds, in an unknown amount to be
14        determined at trial, representing accrued interest, as may be found as
15        owed by defendant in the subsequent audit report, and pursuant to the
terms of the labor and trust agreements to which Bobcat Construction is a
16        party;

17

E.      An award of attorney fees of not less than $5,000.00, plus costs of
18        collection, as authorized by the labor and trust agreements to which
19        Bobcat Construction is a party, and as authorized under ERISA; and

20

F.      Any other such relief under federal law or as is just and equitable.

21        \\

22        \\

23        \\

24

25

26

COMPLAINT TO COMPEL AUDIT AND FOR MONETARY DAMAGES – 9
16-cv-1504

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

Dated: September 23, 2016.

Jeffrey G. Maxwell, WSBA #33503
Ekman Cushing Maxwell, P.S.
220 W Mercer Street, Suite 400
Seattle, Washington 98119
(206) 282-8221 (t)
(206) 285-4587 (f)
j.maxwell@ecm-law.com

Attorneys for the Plaintiff Puget Sound
Electrical Trust Funds and National
Electrical Benefit Fund

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT TO COMPEL AUDIT AND FOR MONETARY DAMAGES – 10
16-cv-1504